```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**JOSEPH N. TALLIE,**

                  **Plaintiff,**

     v.                                 **CASE NO. 22-3152-SAC**

**PITTSBURG POLICE DEPARTMENT,**
**et al.,**

                  **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a detainee, proceeds pro se. The court has reviewed plaintiff's motion to proceed in forma pauperis and objection to the initial partial fee, grants the motion. Plaintiff remains obligated to pay the $350.00 filing fee.

### Nature of the Complaint

Plaintiff alleges that on July 30, 2018, Detective Adan Nance of the Pittsburg Police Department prepared an affidavit in support of a search warrant, that the application for a search warrant was signed by Judge Lori Bolton-Fleming, and thereafter thirteen members of the Pittsburg Police Department executed the warrant at plaintiff's residence. Plaintiff alleges these events resulted in the violation of his rights under the Fourth Amendment, fraud, and excessive force. He seeks the return of his property or compensation for it and damages.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a).

Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

The timeliness of claims brought under § 1983 is determined under a mix of state and federal law. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Federal law controls "the date on which the claim accrues and the limitations period starts to run." *Id*. (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

The length of the limitations period, however, is controlled by state law and "is drawn from the personal-injury statute of the state in which the federal district court sits." *Id*. (citation omitted). Under Kansas law, the statute of limitations for personal injury actions is two years. K.S.A. 60-513(a)(4).

"Claims arising out of police actions towards a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

Because plaintiff's claims all concern police and judicial action surrounding the search of his residence on July 30, 2018, the statute of limitations began to run on the day those events occurred. Because plaintiff did not commence this action until July 28, 2022, he fails to bring this matter within the two-year period provided by Kansas law.[1]

Accordingly, unless plaintiff demonstrates some basis for tolling the limitation period, this matter is subject to dismissal. The court will grant plaintiff to and including **September 9, 2022**, to show any grounds for tolling or to present any other reason this matter should not be dismissed as barred by the limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to waive initial partial filing fee and amend relief sought (Doc. 4) is granted. Plaintiff remains obligated to pay the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion to amend the complaint (Doc. 5) is granted.

IT IS FURTHER ORDERED that on or before **September 9, 2022**, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response

---

[1] In considering the timeliness of this matter, the court has considered the fact that the Kansas Supreme Court, in its Administrative Order No. 2020-PR-016, and amended by Kansas Supreme Court Administrative Order No. 2020-PR-32, tolled the limitations period between March 19, 2020, and April 15, 2021. However, even allowing that tolling, plaintiff has not presented his claims within two years.

may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 12th day of August, 2022, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge