IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH N. TALLIE,

    **Plaintiff,**

    v.

PITTSBURG POLICE DEPARTMENT, ET AL.,

    **Defendants**

Case No. 22-3152-SAC

## MEMORANDUM AND ORDER

This matter is an action filed under 42 U.S.C. § 1983 by a prisoner at the Crawford County Jail. Plaintiff proceeds pro se and in forma pauperis. He challenges the validity of the search warrant executed at his home on July 31, 2018, and the search of his residence as violations of his rights under the Fourth Amendment. He also asserts a claim of excessive force, apparently a reference to the fact that a response team was assembled to execute the warrant.

### Nature of the complaint

Plaintiff alleges that on July 30, 2018, defendant Adam Nance, a detective with the Pittsburg Police Department, used a "bare bones affidavit" and supplied false information to obtain a search warrant for plaintiff's residence. He next alleges that defendant Lori Bolton-Fleming, a state district judge, signed the search warrant without probable cause. He then alleges that defendant Nance claimed that plaintiff's criminal history warranted the use of the police special response team, which the complaint describes as composed of "thirteen heavily armed men."

Plaintiff states that all charges were dismissed; however, he also asserts that he "pled no contest to the made up charge 'possession of paraphernalia with intent to harvest/manufacture'"

for leniency in another case." (Doc. 1, p. 3.) He states that evidence supporting the charges would have been found in his vehicle but objects to the search of his residence. Finally, he states that "they stole property and broke [his] computer."

Plaintiff asserts violations of the Fourth Amendment, fraud, and excessive force. He seeks the return of all property and monetary damages.

## Discussion

By a Notice and Order to Show Cause (NOSC) entered on August 12, 2022, the court set out Tenth Circuit authority that actions by police including arrest, interrogation, and search and seizure generally are presumed to accrue when they occur. *See Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). The court directed plaintiff to show cause why his claims arising from a search that occurred in 2018 were not presented until his complaint was filed in 2022.

Plaintiff filed two responses and a third motion to amend the complaint[1]. The court has considered these materials and enters a second order to show cause.

### The affidavit supporting the search warrant

In the first response, plaintiff states that he did not know of any infirmity of the warrant until November 20, 2019, when he learned that defendant Nance provided the court with previously unknown information and confessed to perjury. He also argues that until his release from confinement in March 2020, he was unaware of publicity concerning the search of his residence and began to feel shame and embarrassment when he discovered it.

However, even assuming plaintiff can show that this claim is not time-barred, he fails to provide any specific allegations concerning the portions of the affidavit that he believes were

---

[1] The court grants the motion and has considered the contents.

false. Without such allegations, he cannot state a plausible Fourth Amendment claim arising from the affidavit. *See Estate of Redd v. Love*, 62 F. Supp. 3d 1268, 1274 (D. Utah 2014) (finding plaintiff had not plausibly alleged a Fourth Amendment violation arising out of a "false" warrant application where the complaint "failed to mention the contents of the warrant or the contents of the warrant affidavit"); *Allen v. Cunningham*, 51 F.3d 285 (table), 1995 WL 143130, at *5 (10th Cir. 1995) ("While it is clearly in violation of the Fourth Amendment to base a search warrant on false information, the Plaintiff fails to allege which Defendants gave what false information, let alone prove that there was any false information.").

The court has reviewed on-line records maintained in the Kansas District Court Public Access Portal. These records show that in November 2019, suppression motions were considered in two criminal actions filed against plaintiff in the District Court of Crawford County, 2018-CR-111 and 2018-CR-30. However, it does not appear from the limited records available to the court that the suppression motions were granted. Plaintiff entered pleas of no contest in both cases on November 26, 2019.

The court concludes plaintiff has not yet stated a claim based on the search warrant application.

### Defendant Bolton-Fleming

Likewise, plaintiff's claim that defendant Bolton-Fleming signed a search warrant that was not supported by probable cause fails as the defendant district court judge is shielded by absolute judicial immunity. Generally, judges cannot be sued for money damages for actions taken in their capacity as a judge. *Mireles v. Waco*, 502 U.S. 9 (1991)(per curiam); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)("[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of

his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction")(interior quotations omitted).

Accordingly, unless plaintiff plausibly alleges that defendant Bolton-Fleming is not entitled to absolute immunity, this defendant is subject to dismissal from this action.

### Claims of excessive force and property damage

Plaintiff appears to claim that the decision to involve a response team in the execution of the search warrant was a violation of his rights, but he offers no authority for that argument. He likewise does not offer any specific claim of the use of excessive force, and, while the complaint lists a number of individual police officers as defendants, plaintiff does not identify acts by any individual. The court concludes that plaintiff's claim of excessive force is time-barred and that he has not provided specific allegations showing that he is entitled to relief.

Finally, plaintiff's claim of damaged and missing property also is subject to a time-bar, as he does not present any facts to suggest that the damage or loss was not immediately apparent to him following the execution of the warrant in 2018.

Even assuming plaintiff's claim were not time-barred, it is recognized that property damage that occurs during the execution of a valid search warrant is not per se unreasonable, as "officers executing search warrants on occasion must damage property in order to perform their duty." *Dalia v. United States*, 441 U.S. 238, 257 (1979). A court considering a claim of property damage arising from the execution of a search warrant must apply a reasonableness standard using a fact-specific inquiry "requir[ing] careful attention to the facts and circumstances of each particular case." *Gonzales v. Bernalillo Cty. Sheriff's Dep't*, 2017 WL 3208529, at *11 (D.N.M. Apr. 4, 2017), *report and recommendation adopted*, 2017 WL 3207798 (D.N.M. May 31, 2017) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Plaintiff

4

has not yet provided sufficient specific information concerning the claim of lost and damaged property to state a claim for relief.

### *Heck v. Humphrey* bar

Finally, to the extent plaintiff's complaint may be read to assert that his convictions rest on charges based on evidence gathered under an allegedly faulty search warrant, his claims appear to be premature.

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court recognized that a plaintiff may not seek damages in an action under § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff shows "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 487.

The Tenth Circuit has stated that "the *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained." *Havens v. Johnson*, 783 F.3d 776, 784 (10th Cir. 2015). *See, e.g.*, *Carbajal v. Hotsenpiller,* 524 Fed.Appx. 425, 428 (10th Cir.2013), *cert. denied,* 572 U.S. 1152 (2014) ("We agree with the district court that [the plaintiff's] abuse of process, false imprisonment, and conspiracy claims are barred by *Heck.* All three claims rest on [the plaintiff's] allegation that the charges for which he entered an *Alford* plea were false.") Accordingly, unless plaintiff can show that his convictions have been overturned or set aside, he may not proceed on a challenge to his present confinement.

### Order to Show Cause

For the reasons set forth, the court will direct plaintiff to show cause why this matter should not be dismissed. Plaintiff is granted to and including October 14, 2022, to file a response. If he fails to respond by that time, this matter may be dismissed without additional notice.

THE COURT THEREFORE ORDERS that plaintiff shall show cause on or before **October 14, 2022**, why this matter should not be dismissed.

THE COURT FURTHER ORDERS that plaintiff's motion to amend (Doc. 12) is granted.

IT IS SO ORDERED.

Dated: September 29, 2022              /s/  Sam A. Crow
                                       SAM A. CROW
                                       UNITED STATES DISTRICT JUDGE