## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


JOSEPH N. TALLIE,

**Plaintiff,**

v.                                                     CASE NO. 22-3152-JWL-JPO

PITTSBURG POLICE DEPARTMENT, et al.,

**Defendants.**


## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  The Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A and entered a Memorandum and Order to Show Cause why the case should not be dismissed (Doc. 14) ("MOSC").  After considering Plaintiff's responses to the MOSC, the Court dismissed the case.  (Docs. 19, 20).  The matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 21).

Local Rule 7.3 provides that "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3.  This is essentially the same showing required for a motion to alter or amend a judgment under Rule 59(e).  *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).  "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  A Rule 59(e) motion should not "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).  Relief under Rule 59(e) is

1

"extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

In this motion, Plaintiff does not allege that there has been an intervening change in the controlling law or that there is newly discovered evidence. His arguments seem to attempt to fall under the clear error or manifest injustice grounds. He first argues that his Fourth Amendment invalid search warrant claim should not have accrued until he discovered the illegality when the attesting officer later testified. The Court addressed this argument in the order dismissing the action. (*See* Doc. 19, at 4-5). Plaintiff's attempt to revisit the issue is rejected.

Plaintiff also argues in relation to timeliness that he could not have filed his lawsuit until his underlying criminal case was resolved because his claims would have been dismissed under *Heck v. Humphrey*. Plaintiff confuses two doctrines. The *Heck* doctrine provides that if a § 1983 claim would call into question the validity of the plaintiff's conviction, the claim is barred unless the plaintiff shows his conviction has already been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The *Younger* doctrine requires a federal court to abstain from hearing a case in certain circumstances where there are on-going state judicial proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Claims that are subject to the *Heck* doctrine are subject to dismissal as premature, whereas claims subject to the *Younger* doctrine may be stayed until state court proceedings are resolved. Neither doctrine supports Plaintiff's argument that his Complaint is timely.

However, while *Heck* does not help Plaintiff with his timeliness argument, the Court finds that *Heck* may be applicable to one of his claims. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  A § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.

Plaintiff's contention that the search warrant was invalid or illegal appears to be subject to *Heck*.  Plaintiff stated in the Complaint that the search warrant was "for misdemeanor possession of marijuana, misdemeanor possession of drug paraphernalia." (Doc. 1, at 2).  He goes on to assert that "[a]ll charges in this case were dismissed but I pled no contest to the made up charge 'possession of paraphernalia with intent to harvest/manufacture' in exchange for leniency in another case." (*Id*. at 3).  Online state court dockets show that Plaintiff entered a guilty plea on November 26, 2019.  A judgment here that the search warrant was not supported by probable cause could call into question the validity of Plaintiff's plea and resulting conviction or sentence.  Because his conviction or sentence has not been overturned, Plaintiff's search warrant claim is subject to dismissal without prejudice as premature.  Furthermore, if *Heck* is not applicable, then the claim is subject to dismissal as untimely and for failure to state a claim as explained in the Court's order dismissing this action (Doc. 19).

Therefore, to summarize, Plaintiff's claim questioning probable cause for the search or the legality of the search warrant is dismissed without prejudice as premature under *Heck*.  Plaintiff's claim of excessive force is dismissed as untimely and for failure to state a claim.  Plaintiff's claim of property damage is dismissed as untimely and for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 21) is **denied**.

**IT IS SO ORDERED**.

**Dated January 9, 2023, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**